HANNUM *v.* STATE.

(*Knoxville.* October 31, 1891.)

1. CRIMINAL PRACTICE. *Selection of jury from special panel ordered in defendant's absence.*

Selection of trial jury in a criminal case from a special panel ordered by the Court without defendant's presence, if erroneous in any case, does not constitute reversible error if, by a subsequent order, made when defendant was present, the special panel was retained and the trial jury selected therefrom without objection and without exhaustion of defendant's challenges.

Cases cited and approved: Clingan *v.* Railroad, 2 Lea, 726; Nashville *v.* Sheperd, 3 Bax., 373.

2. SAME. *New trial not granted upon alleged misconduct of juror, when.*

The refusal of new trial by the lower Court in a criminal case for alleged improper communication between a juror and some third person will not be reversed where the defendant and the officer in charge of him alone prove such communication, being unable to name the juror or third person or to state what was said, and when the entire jury, with their officer, deny the fact of any such communication, and the circumstances render it probable that the defendant and his officer were mistaken.

3. SAME. *New trial not granted upon juror's affidavit impeaching their verdict.*

It is error, but not error of which the defendant can complain, for the Court to permit, upon defendant's motion, the examination of jurors as to the reasons that induced their verdict in a criminal case—*e. g.,* their reasons for finding mitigating circumstances in a murder case.

4. SAME. *New trial not granted upon defendant's affidavit as to statements made in argument.*

Reversal of a criminal case cannot be had upon the defendant's uncorroborated affidavit averring improper argument on the part of the State's counsel.

Cases cited and approved: Turner *v.* State, 4 Lea, 209; Brown *v.* State, 85 Tenn., 439.

5. SAME.  *Charge that jury are judges of the law.*

It does not constitute reversible error in a criminal case for the Court to charge erroneously that the jury are judges of the law, if this Court can see that no injury resulted from such error and is satisfied with the verdict.  The charge in this case is erroneous in this particular.

Case cited and approved: Harris *v.* State, 7 Lea, 543.

FROM KNOX.

Appeal in error from Criminal Court of Knox County.  J. W. SNEED, J.

WILLIAMS & HENDERSON and HOOD & CATES for Hannum.

Attorney-general PICKLE and W. L. WELCKER for State.

LEA, J.  The plaintiff in error appeals from the judgment in this cause against him, whereby he was sentenced to life imprisonment for murder, and the following errors for reversal are relied on:

*First.*—There was a change of venue in this case from Blount to Knox County.  After the

papers were filed in the Criminal Court of Knox County, Judge Logan, the presiding Judge, in February, 1891, ordered a special panel to be summoned in the case, to be present on May 5. This order was made, as alleged in affidavit of defendant for a new trial, during the absence of defendant and his attorneys. On May 5, Judge Sneed, who had succeeded Judge Logan as Criminal Judge, granted a continuance until May 14, and, in the presence of defendant and his attorneys, informed the special panel that they must be present at that time. The jury was selected from the panel without objection, and before exhaustion of challenges. There is no pretense of any prejudice on the part of the officer summoning the jury, or that defendant was in any way prejudiced by this action. If any reason existed why he should likely be prejudiced by such a course, he should have brought it to the attention of the Court, and stated his reasons, and asked for a discharge of the panel. If there was any error in ordering the panel in the first instance, by Judge Logan, in the absence of the defendant, it was cured by Judge Sneed, who, after the continuance, ordered the same panel to return on May 14, the day fixed for the trial. The Judge may name the special jurors to be summoned. 2 Lea, 726; 3 Bax., 373.

*Second.*—The conduct of one of the jurors is relied on as reversible error. The defendant, in his affidavit for a new trial, says that, as the jurors

were entering the court-room, at the door he saw some one talking to a juror; that the person talking, as well as the juror, was a stranger, and unknown to him; and the officer in charge of the defendant states, in an affidavit, that he saw the same thing; that the juror was just going in the door of the court-room, kept walking, and only leaned his head; heard nothing that was said; and the person was a stranger to him. The officer in charge of the jury swears that no one approached the jury; that he stood in the door as the jury entered the room, and he saw no one attempt to talk to the jury; and each of the jurors swear that no one spoke to them as they were entering the door of the court-room. Neither the officer nor the defendant said who the juror was. Conceding the entire good faith of defendant and the officer, we think they have simply been mistaken. In a case creating so much interest and curiosity, as we can see this case created, where attended by crowded court-rooms and approaches, other men thronging about the jury to get into court, may be very easily, and no doubt were, mistaken for a juryman and another talking; and in view of the sworn statement of the officer in charge of the jury, and of each of the jurors, that it did not occur, we hold that there was no error in refusing a new trial upon this ground.

*Third.*—It is insisted that a new trial should have been granted, because the jurors had doubts as to the guilt of the prisoner, else they would not

Hannum *v.* State.

have recommended him to the mercy of the Court, and an affidavit of some of the jurors was presented, stating the reasons why they were in favor of finding mitigating circumstances and recommending the defendant to the mercy of the Court. Thereafter, each and every one of the jurors were introduced and at great length examined and cross-examined upon the questions, if they followed the charge of the Court, and if they had a reasonable doubt then or at the time of their verdict of the guilt of the defendant, and upon what they based their verdict finding mitigating circumstances and recommending him to the mercy of the Court. The jurors all swore that they took the law, as given by the Court, and applying it to the facts, had no doubt as to defendant's guilt, but differed as to the ground upon which they recommended him to the mercy of the Court. This should not have been allowed by the Court. Counsel should not have been allowed to interrogate the jury as to the reasons of their verdict or the mitigating circumstances they found in the case. The counsel had the right to have the jury polled when they rendered their verdict, to see if all agreed to it, but had no right to interrogate them at the time of the rendition of the verdict, or afterward, upon motion for a new trial, as to their reasons for their verdict. This was no error of which the defendant could complain.

*Fourth.*—It appears in the affidavit of the defendant for a new trial that one of the counsel

for the State, in his closing argument, said that the reason Bud West, a State's witness, had not been introduced, was that Nan West had not been introduced by defendant; and that had she been introduced, said Bud West would have proved that Nan West, on the evening of the killing of Wilson, had declared that defendant had threatened to kill both her and Wilson; and also said that the witnesses for the State were not willing witnesses against defendant, for they all knew if defendant got out blood would follow in defendant's tracks, and that he would make the witnesses smoke, and the jury would be responsible therefor; and this is relied on as error, for which a new trial should be granted.

This action of counsel is not alluded to by the Court, and in no way mentioned in the bill of exceptions, either by the Court or by affidavit of counsel, but alone in the affidavit of the defendant for a new trial.

In the case of *Turner* v. *State*, 4 Lea, 209, Judge McFarland said: "This having occurred in open Court, the proper mode to put it in the record would have been to request the Judge to insert it over his own signature in the bill of exceptions." While we might reverse if we could see that the rights of the prisoner had been affected thereby, yet the proper practice should be adhered to, and the matter complained of inserted in the record, or at least, as in the Turner case, proved by affidavits of attorneys, not alone in the

affidavit of the convicted defendant. The duty of the Court is not to permit improper arguments to be made. Counsel sometimes, in the heat of argument, make improper remarks, but should at once be checked by the Court. The defendant should only be tried upon the sworn statements of witnesses examined in Court; but, unless we can see that the defendant has been prejudiced thereby, we will not reverse when no action of the Court is invoked or had thereon, no objection interposed, and it only appears from affidavit of the defendant, uncorroborated by any thing in the bill of exceptions. This Court has decided that it will not reverse upon defendant's unsupported affidavit (*Brown* v. *State*, 85 Tenn., 439), and there was no error for refusing a new trial on this ground.

*Fifth.*—Error is predicated of the charge of the Court that he told the jury they were the judges of the law as well as of the evidence, and "have a legal right to disregard the instructions of the Court, provided you, upon your oaths, can say that you believe that you know the law better than the Court; and, before attempting the exercise of such a delicate right, you should proceed cautiously, and know that if the Court shall commit an error it is one that can be corrected in the mode pointed out by law, while any that you commit will be irreparable. And, before doing this, it is your duty to reflect whether, from your study and experience, you are better qualified to judge of the law than the Court."

This charge was confessedly incorrect. The jury are not the judges of the law, but must take the law as charged by the Court, in criminal as well as in civil cases. That part of the charge quoted was intended merely to impress the jury that it was dangerous to assume this province and prerogative, and could have had no injurious effect on the defendant; and this Court held, in 7 Lea, 543, that the error was in favor of the defendant, and, if the case was otherwise properly decided, a new trial would not be granted.

There were some other minor objections to the charge and to the admission and rejection of evidence, but upon examination we find no error. The charge is a full, fair, and correct exposition of the law as applicable to the proven facts, except as above indicated.

Upon the facts of the case we will only say that, after a full and careful examination, we are satisfied they sustain and warrant the verdict of the jury, and the judgment is affirmed.