Eatherly v. State.

## VIRGIL EATHERLY *v.* THE STATE.

[(*Nashville.* December Term, 1906.)

**SUPREME COURT PRACTICE.** Ruling of trial judge on disputed facts not reviewed unless record shows affirmatively that it contains all the evidence heard by trial judge.

The rule of practice is well settled in this State that the ruling of a trial judge upon a question involving disputed or controverted facts will not be reviewed by the supreme court where the record fails to show affirmatively that it contains all the evidence heard by the trial judge on such question; and this rule of practice obtains in respect of and applies to every part of the record pertinent to a disputed question, whether the same arises upon a motion for a new trial, plea or otherwise, equally with the facts pertaining to the general issues.

Case cited and approved: Ransom v. State, 116 Tenn., 355.

---

### FROM MONTGOMERY.

---

Appeal in error from the Criminal Court of Montgomery County.—C. W. TYLER, Judge.

LEECH & PONDER and M. SAVAGE, for Eatherly.

ATTORNEY-GENERAL CATES, for the State.

---

MR. SPECIAL JUSTICE SANSOM delivered the opinion of the Court.

Eatherly v. State.

This case is before us upon a petition for a rehearing, it having been decided on a former day of the term.[1] The petition is a very earnest one, and is based upon two grounds:

First. It is urged that a rehearing should be accorded upon the merits of the case. Upon this branch of the petition we need not, restate the facts, which were gone into at length and in detail upon the delivery of the opinion of the court when the case was decided. It is sufficient to say that the record has been very carefully re-examined, and the court is quite content with the holding as formerly announced. Under the facts we are entirely satisfied, beyond any sort of question, of the guilt of the plaintiff in error and the correctness of the verdict of the jury, and judgment of the court pronounced thereon.

It is next insisted that a rehearing should be granted because the court, in its former examination of the case, had declined to consider certain affidavits of the jurors and the officers in charge of the jury, offered in the trial court on the motion for a new trial; this court having declined to consider these affidavits because the record failed to state affirmatively that they constituted all the evidence heard and considered by the trial judge in his action on the motion for new trial. The insistence is made in the petition "that, under the decisions of this court as reported, the rule now announced has never existed;" and by that is meant the rule that the transcript must show affirmatively that all the evidence

[4] No opinion filed.

is brought to this court that was heard and considered in the court below upon the motion for a new hearing. That a trial judge will not be put in error upon any ruling or judgment entered upon any question of fact, where the record fails to state affirmatively that it contains all the evidence heard by the court on that question, has been the settled rule of practice in this court for so long a period of time, and has become so thoroughly ingrafted upon the jurisprudence of the State as that it is no longer an open question. The reason for this rule is so well grounded that it should require no exposition.

This is a court, not of original jurisdiction, but of review, wherein the holdings and judgments of trial courts are passed upon, not upon any new or different state of facts, either by way of enlargement or diminution, than those in the lower court, but upon precisely the same record, no more and no less; and it must be, in order to establish and maintain the integrity of records, that they shall state affirmatively that it is the same record as in the trial court. Any other or different rule, or one less absolute and invariable, could but result in questionings and confusion, uncertainty and doubt; and, this rule of practice must obtain in respect of every part of the record, by way of motions for new trials or otherwise, equally with the facts pertaining to the general issues. This court can and will indulge no presumptions touching the question, either that the record is or is not full and complete.

It must affirmatively appear that it is complete in all its parts before consideration will be accorded. Counsel representing the petitioner seem to feel that the rule is new, and has never been announced in any reported case; but such is not the fact. In the case of *Ransom* v. *State,* 116 Tenn., 355, 96 S. W., 953, it is said: "The established rule of practice requires that it shall affirmatively appear from the bill of exceptions that it contains all the evidence heard by the trial judge on any plea or motion presenting disputed or controverted facts."

In that case a motion was made to set aside and quash a venire, because the list from which the same was drawn contained the name of no men of color or of African descent, and the affidavits of nine individuals were sought to be brought to this court's consideration as a part of the record in support of the motion; but, because the record failed to state affirmatively that these affidavits were and constituted all the facts and evidence before the trial court upon the hearing of this motion, the court declined to consider them.

In the present case the affidavits of the jurors and the officer in charge of the jury are presented for, and this court is asked to consider and pass upon them as constituting, all the evidence heard by the lower court upon a motion for new trial; and the record fails to state that these affidavits constitute all the facts and evidence heard by the court on the motion for a new trial. They therefore cannot be considered; the record failing to contain this affirmative statement.

The petition to rehear is dismissed.