## C. L. COFER et al., v. TENNESSEE COFER, Executrix.

Eastern Section.    October 31, 1925.

Certiorari denied by Supreme Court January 30, 1926.

1. **New Trial. New trial will not be granted because of newly discovered evidence unless it is shown due diligence was used to discover it before trial.**
    Affidavits held not to show diligence on part of parties and council in investigation of case before trial and offered no excuse for not knowing of the testimony before the trial. Statement that they used due diligence held mere conclusion and not proof of the fact.

2. **Appeal and Error. Record must show all the evidence heard by the trial court on motion for new trial.**
    The record must show affirmatively that it contains all the evidence presented to the trial court before the appellate court will disturb the finding of the trial court, and this rule of practice obtains in respect of and applies to every part of the record pertinent to a disputed question, whether the same arises upon a motion for a new trial, plea or otherwise, equally with the facts pertaining to the general issue.

3. **Appeal and Error. Error in excluding evidence not before appellate court unless exceptions to the ruling are saved.**
    Ruling of trial court in excluding affidavits not before appellate court when no assignment of error was made as to their exclusion.

4. **Trial. Jury. Jury not allowed to impeach their verdict on ground that they signed verdict rather than have mistrial.**
    Where jurors made affidavits that they signed the verdict simply because they did not want to have a mistrial held jurors will not be allowed to impeach their verdict on such grounds.

5. **Trial. Verdict held not the result of coercion by the trial judges.**

Where record showed the jury was charged on Saturday, November 15th and respited until Tuesday, November 18th and on the 18th returned its verdict and nothing more appears to support, the charge of coercion, held insufficient ground for new trial.

6. **Trial. Instructions. Instructions complained of must be set out in exceptions.**

Where the error alleged is upon the charge of the court, the part complained of, whether it be an instruction given or an instruction refused, must be set out in the exceptions.

7. **Wills. Evidence. Evidence held sufficient to sustain verdict of jury sustaining the will.**

Where family doctor, cashier of bank where testator did business, a son-in-law and several neighbors who knew testator intimately for many years, testified that testator was of sound mind, held sufficient evidence to support the verdict.

8. **Records. Evidence. The clerk's file mark is evidence but not conclusive of the date paper filed.**

Where file mark on paper showed it was filed after date for filing but the clerk made affidavit that file mark was an error and that paper was in fact filed on another date, held paper filed on date handed to the l-rk.

9. **Words and Phrases. Records, when filed.**

A paper is said to be filed when it is turned over to the proper officer and by him received to be kept on file.

Appeal in error from Circuit Court of Hamilton County; Hon. Oscar Yarnell, Judge.

Affirmed.

Jones & McGhee, of Chattanooga, for plaintiffs in error.

T. D. Fletcher, of Chattanooga, for defendant in error.

FAW, P. J. This is an issue of devisavit vel non tried in the circuit court of Hamilton county.

C. Cofer, a citizen and resident of Hamilton county, died on June 25, 1923, and a few days thereafter a paper-writing purporting to be the last will and testament of C. Cofer, deceased, was offered for probate in common form in the county court of Hamilton county by Tennessee Cofer, his widow. Thereupon, C. L. Cofer, Mrs. Belle Leamon, Mrs. Mollie Davis and Mrs. Pearl Morgan filed a petition in the county court resisting the probate of said will, and praying that they be permitted to contest the validity of said paper-writing or instrument as the will of C. Cofer, deceased. The prayer of the petition was granted and, pursuant to an order of the county court, the original will of C. Cofer, deceased, and a transcript of the proceedings in the county court concerning said will, was transmitted to the circuit court of Hamilton County, where an issue of devisavit vel non was duly made up by proper pleadings. The will thus propounded by Tennessee Cofer for probate in the circuit court is in these words:

"I, C. Cofer of Hamilton county, State of Tennessee, being of sound mind, and memory, do make, publish and declare this to be

my last will and testament, hereby revoking and making void all other Wills by me at any time made.

First, I direct my funeral expenses and all my just debts to be paid as soon after my death as possible, out of my moneys that I may die possessed of or that may first come into the hands of my Executor.

Second, I give, devise and bequeath all the Income on all the Personal Property and Real Estate that I die possessed of to my beloved wife, Tennie J. Cofer, to collect all my debts and use the interest on the same, and if the interest and rents on the real estate fail to support her in a good comfortable manner, she is then authorized to use as much of the principal of the personal property as is necessary, to the amount of all of said personal property, and if her condition should become of such that it would require the sale of the Real Estate, she is hereby authorized, to sell the same privately or publically as may be deemed best; and she is authorized to make a deed to the purchaser, and of the proceeds of sale, she will use them, so much of, as is necessary for her good and comfortable support, but it is at her option to keep the real estate and live in the house or move out and rent it and use the rents or if to the best advantage to her well being and comfort will sell as above mentioned.

And at her death the remainder if any there be will go equal to my beloved children as near as is practicable namely: M. A. Davis, (Cofer), Martha B. Leamon, (Cofer), Son, C. L. Cofer, F. S. Walker, (Cofer), Anna P. Morgan, (Cofer).

Third, I nominate my beloved wife, Tennie J. Cofer, to be the Executrix of this my last will and testament, hereby revoking all former Wills, by me at any time made, I excuse said Executrix from intering into bond or making inventory report; or settlement with any court; but will make oath to carry into effect this Will to best of knowledge and ability. I request that the W. Master and Successors in office of F. & A. M. Lodge No. 619 of Ooltewah, lend her their aid in way of Counsel when she requests it, and their advise, if she adopts it shall be final and legal in any matter.

This 15 day of June 1923.

C. Cofer.

Signed, sealed, published, and declared as and for his last Will and Testament, by the above named Testator in our presence, who have at his request and in his presence, and in the presence of each other signed our names as witnesses thereto.

C. F. Watts,<br>Mrs. Minnie Watts.''

The contestants are four of the five surviving children of C. Cofer, the alleged testator. They averred in their plea to the plaintiff's

declaration that said paper-writing is not the last will and testament of C. Cofer, deceased, and they attempted to support their plea by evidence (1) that the testator was of unsound mind and did not have sufficient mental capacity to make a will, and (2) that said will was the result of undue influence exercised upon the testator, by his wife, Tennessee Cofer.

A jury was demanded, both by proponent and the contestants, and the case was submitted to the jury upon evidence introduced by the parties, respectively; whereupon the jury found the issue in favor of the proponent and that the writing in issue is the last will and testament of C. Cofer, deceased, and judgment of the court was pronounced and entered accordingly, and also a judgment against the contestants for the costs of the cause.

It was further ordered that the clerk transmit a certified copy of the judgment of the circuit court, together with the original will, to the county court of Hamilton county to be there recorded as required by statute.

A motion for a new trial on behalf of contestants was overruled and their assignments of error in this court embrace the same matters upon which they sought to predicate their motion for new trial below.

The first assignment of error is as follows:

"The court erred in refusing to grant a new trial upon new facts discovered by plaintiffs in error, appellants; since the verdict was rendered on the trial of the case, which was not known to plaintiffs in error and could not have been ascertained by them by due diligence at or before the trial of the cause, which facts or evidence are set out, stated and shown in the affidavits of Mrs. Belle Leamon, C. L. Cofer, Mrs. Pearl Morgan, J. B. Haven, James L. Wolfe, Mrs. Bertha Davis, Dr. W. D. Padgett, Earl Holder and W. H. Taliaferro filed in this case in support of the motion for a new trial, which facts are material and plaintiffs, appellants in error should be allowed to have a jury pass upon them"

If the affidavits mentioned in the first assignment, supra, could be considered, it is plain therefrom that the alleged newly-discovered evidence is, in large measure, cumulative, and also that the affidavits do not state facts which show such diligence on the part of contestants and their counsel in the investigation of the case as to excuse their failure to ascertain what the witnesses would testify. They state that they exercised due diligence and the facts could not have been ascertained by the exercise of due diligence, but these are mere conclusions.

However, we are precluded from a consideration of the affidavits containing the alleged newly-discovered evidence, because the record

does not show that it contains all the evidence heard on the motion for a new trial. Eatherly v. State, 118 Tenn. 371.

It was announced in Eatherly v. State, supra, as a well settled rule of practice, that the ruling of a trial judge upon a question involving disputed or controverted facts will not be reviewed by the appellate court where the record fails to show affirmatively that it contains all the evidence heard by the trial judge on such question; and that this rule of practice obtains in respect of and applies to every part of the record pertinent to a disputed question, whether the same arises upon a motion for a new trial, plea or otherwise, equally with the facts pertaining to the general issues. The first assignment of error is overruled.

The second assignment of error is that "the verdict of the jury is against the law as charged by the court (and) against the charge of the court."

The third assignment is that "the verdict of the jury is contrary to the law of the case and contrary to the facts as shown on the trial of the case."

The fourth assignment is that "the verdict of the jury is against the greater weight and greater preponderance of evidence of the cause."

The second, third and fourth assignments of error are overruled because they are insufficient to raise any question which can be considered by this court, as will be seen by an examination of the following cases: Record v. Cooperage Company, 108 Tenn. 657, 660; Railroad v. Abernathy, 106 Tenn. 722, 728; Felton v. Clarkson, 103 Tenn. 457, 458; Railway v. Lawson, 101 Tenn. 406, 407.

The fifth assignment of error is as follows:

"Because in fact the jury did not reach an agreement, because they did not agree. Because they were never able to reach a conclusion and agree that the instrument or paper-writing purporting to be a will and sought to be proven as such in this case was a valid instrument or will.

Because the jury did not agree as to the issues being tried as to the issues to be determined by them. Because they did not all concur in their finding as to questions of facts or issues it was their duty to find and determine.

Becaue the jury when having reached the conclusion that they could never agree as to their finding of facts, did consent that he foreman report a verdict in favor of the purported will; because the jury was mislead and was mistaken as to their duty in the premises, they having conceived the idea that the court expected them to weigh with consideration with the facts of the case that the jurors in the minority should yield to the opinion of those in the majority

and so report a verdict; although their opinion was that the law and facts are otherwise.''

And the sixth assignment is as follows:

''Because the verdict of the jury in this case is the verdict of not more than ten jurors, probably not more than seven or eight, and such verdict is invalid.''

The fifth and sixth assginments of error in this court are copies of the fifth and sixth grounds of the motion for a new trial below, and in support of said grounds of the motion for a new trial contestants offered the affidavits of two members of the trial jury, viz: George D. Overend and W. A. Mitts.

There are at least three sufficient reasons for overruling the fifth and sixth assignments of error, viz:

(a) It appears from the record that, on the hearing of the motion for a new trial, the court, on motion of the proponent, excluded the aforesaid affidavits of Overend and Mitts, and although said affidavits are included in the bill of exceptions, there is no assignment of error in this court complaining of the exclusion of said affidavits. With the affidavits excluded the fifth and sixth assignments are wholly without foundation in the record. Priest v. Bank, 148 Tenn. 87, 91.

(b) If the affidavits be treated as in the record, there is no showing that the record contains all the evidence on the point, and it will therefore be presumed that the trial judge had sufficient evidence to support his findings on the issues of fact raised by the motion for a new trial. Eatherly v. State, supra.

(c) The substance of the affidavits of the jurors Overend and Mitts is that they believed while the jury was considering the case, and still believe, that C. Cofer was not mentally capable of making a valid will, but that they agreed to the verdict in favor of the will which was reported by the foreman of the jury, rather than bring about a mistrial of the case.

Jurors will not be heard to impeach their verdict on such grounds. Lewis v. Moses, 6 Cold. 193, 197; Scott v. State, 7 Lea 232, 235; Cartwright v. State, 12 Lea 620, 628; Hannum v. State, 90 Tenn. 647, 651. The fifth and sixth assignments of error are overruled.

The seventh assignment of error is as follows:

''Because after the jury had reported to the court by their foreman that they had hopelessly disagreed as to their verdict and after due deliberation by the jury and a strong and honest effort to agree, and could not reach a verdict in the case when they had had the case under consideration from Saturday until Tuesday noon the court forcing the jury to continue their deliberations.''

We construe the seventh assignment as an attempted assertion that the agreement of the jury upon a verdict was the result of coercion of

the jury by the trial judge. This assertion is without support in the record, which merely shows that the proof was concluded, argument of counsel heard, and the jury charged on November 15th, 1924, (Saturday), and the jury was respited until Tuesday, November 18th, 1924, and on the 18th the jury reported its verdict in favor of the will as before stated. The seventh assignment of error in this court is a copy of the seventh ground of the motion for a new trial below. There is nothing in the record which supports the assertion in the assignment that the trial judge coerced the jury. The motion for a new trial is a mere pleading, and unsupported statements therein are not to be taken as true. Sherman v. State, 125 Tenn. 19, 49; Richmond, etc., Foundry v. Carter, 133 Tenn. 489, 493. The seventh assignment of error is overruled.

The eighth assignment of error is as follows:

"Because the court erred in failing to definitely and specifically instruct the jury in regard to the technical rules of law and intricate questions arising when considering the ability and disability in doing and performing any business in reference to making a will, conveyance, etc., when there is evidence of weak mentality or mental disability embracing the rules of law which embrace various kinds of mental derangement, and also in what is known in law as lucid intervals etc.

Although the court was not requested to make this further charge it is insisted that the court erred in failing to give full and specific instructions to the jury in regard to these matters, there being much proof showing the mental weakness and disability of the testator."

The rules of this court, and of the Supreme Court, with respect to assignments of error, require that they shall show specifically wherein the action complained of is erroneous, and how it prejudiced the right of appellant, with references to the pages of the record where the rulings of the court on matters constituting errors of law appear. The rules also require that "when the error alleged is upon the charge of the court, the part complained of, whether it be instructions given or instructions refused, shall be set out."

The eighth assignment, supra, is too indefinite and vague to constitute a valid assignment of error and it is therefore overruled. Kerr v. Raines, 148 Tenn. 501, 503.

The ninth (and last) assignment of error is that "there is no evidence to support the verdict of the jury in this case."

It is so obvious that this latter assignment is not well-made that we shall not extend this opinion by a statement of the evidence in the record. There is an abundance of evidence tending to show that the testator, C. Cofer, was of sound mind and fully capable of making a will and that he was not unduly influenced by his wife, Ten-

nessee Cofer, or by any other person. These conclusions are well supported by the testimony of Dr. O. G. Hughes, Hunter Furches, Zack Watkins, A. L. Walker, Sam Smith, Lewis Ball and Tennessee Cofer.

With respect to the mental condition of the testator, all of the above named witnesses had the "fundamental testimonial qualification of personal observation." Atkins v. State, 119 Tenn. 458, 468.

Dr. Hughes was a family physician of the testator for about twenty years and up to his last illness. Hunter Furches was the cashier of the bank wherein testator kept his account, and was frequently consulted by testator about the business affairs of the latter. A. L. Walker was a son-in-law of testator and had lived in his home or near him for a number of years. Zack Watkins, Sam Smith and Lewis Ball were neighbors and friends who had known the testator intimately for many years, and Tennessee Cofer was the second wife of testator having intermarried with him about twenty years before his death.

The verdict implies that the jury accepted the testimony of these witnesses as the truth of the case, and their testimony, if true, fully supports the verdict. The ninth assignment of error is overruled.

This disposes of all the assignments of error; but we have not heretofore stated, in this opinion, our rulings with respect to certain questions raised by counsel, which questions lie at the threshold of the consideration of the case on this appeal.

The appeal prayed by the contestants below was granted by order of the court entered on December 24, 1924, and they were allowed thirty days from that date in which to prepare and file their bill of ceptions and to make bond or take the pauper's oath as required by law.

It appeared from the transcript of the record as originally filed in this court that the plaintiffs in error filed a pauper's oath in lieu of bond (as they were permitted to do by the aforementioned order of the court), but the oath was marked filed January 26th, 1925.

It further appeared from the original transcript that a bill of exceptions and to make bond or take the pauper's oath as required was marked filed January 28, 1925.

It thus appeared from the transcript that both the oath and the bill of exceptions were filed after the expiration of the time granted by the trial court.

But it now appears from supplemental certificates of the clerk of the circuit court of Hamilton County, and affidavits, that the aforesaid oath was filed on January 2, 1925, and the filing date of January 26, 1925, appearing thereon in the original transcript, was a clerical error.

It further appears that the bill of exceptions was presented to the trial judge on January 20, 1925, by the attorneys in the case, and was signed by the trial judge on that day in the office of the clerk of the trial court, and, at that time and place, the judge directed that it be filed, but by oversight the clerk failed to mark it filed at that time, but permitted someone (not named in the record) to carry it from his office, and it was not returned to the clerk's office until January 28, 1925, and was then marked filed of that date.

Upon the facts thus appearing, we are of the opinion that, in contemplation of law, the oath was "filed" on January 2, 1925, and the bill of exceptions was likewise "filed" on January 20, 1925.

The endorsement of the clerk is evidence of the filing, but is not essential to the validity thereof. 31 Cyc. p. 591.

"A paper is said to be filed, when it is turned over to the proper officer, and by him received to be kept on file." Fanning v. Fly, 2 Cold. 486, 488; Mason v. Spurlock, 4 Baxt. 554, 560.

The plaintiffs in error, through their counsel, have asked that, in the event the court should be of opinion that the aforesaid defects appearing in the original transcript have not been cured by the supplemental transcript etc., that the cause be remanded for a new trial. This would be a novel procedure under such circumstances, and one not authorized by any rules of law or practice of which we are aware; but, as we hold that the oath and bill of exceptions were seasonably filed, the question of procedure thus suggested does not arise.

It results that the judgment of the circuit court of Hamilton county declaring the aforesaid paper-writing, bearing date June 15th, 1923, to be the true, whole and last will and testament of the said C. Cofer, deceased, and taxing the contestants with all the costs of the cause, is affirmed. A procedendo will issue to the circuit court of Hamilton county, directing that the clerk of that court transmit the aforesaid will of C. Cofer, deceased, together with a duly certified copy of the judgment of the circuit court, to the County court of Hamilton county.

The costs of the appeal will be adjudged against the plaintiffs in error.

Heiskell and Owen, JJ., concur.