FELTON   v.   CLARKSON.

(*Knoxville.*   November 11, 1899.)

1. ASSIGNMENT OF ERROR. *Insufficient, when.*

An assignment of error that "the verdict is against the evidence," or, what is the same thing, against "the charge of the Court," is wholly insufficient to challenge the sufficiency of the evidence to support the verdict. The assignment of error, to be effective for this purpose, must aver there is no evidence to support the verdict. (*Post, pp. 458, 459.*)

Cases cited and approved: Kirkpatrick *v.* Jenkins, 96 Tenn., 85; Cherokee, etc., County *v.* Hilson, 95 Tenn., 2; Poole *v.* Jackson, 93 Tenn., 62; Railroad *v.* Kenley, 92 Tenn., 208; Railroad *v.* Stoncipher, 95 Tenn., 316.

2. CHARGE OF COURT. *Additional instructions.*

After the Court has charged the jury fully and accurately upon a particular subject, he may properly refuse to give further instructions on that subject at the request of a party. (*Post, pp. 459, 460.*)

3. SAME. *Same.*

The Court's refusal to give special requests for further instructions made by a party cannot be assigned as error unless the requests were presented after the regular charge was delivered, and are, in their nature, additional, not mere repetitions of the charge. (*Post, pp. 461, 462.*)

Cases cited and approved: Roller *v.* Bachman, 5 Lea, 158; Railroads *v.* Foster, 88 Tenn., 673; Railroad *v.* Hendrix, 88 Tenn., 711; McCadden *v.* Lowenstein, 92 Tenn., 614.

FROM   HAMILTON.

Appeal from Circuit Court of Hamilton County. FLOYD ESTILL, Judge.

RICHMOND, CHAMBERS & HEAD for Felton.

EAKIN & GOREE for Clarkson.

CALDWELL, J.   S. M. Felton, receiver of the C., N. O. & T. P. Railway Company, prosecutes this appeal in error, to reverse a judgment for $1,200, recovered against him by J. M. Clarkson, in the Circuit Court of Hamilton County, for damage to cattle shipped by Clarkson over a part of the road of that company.

The first assignment of error is in these words: "The verdict is against the evidence and the charge of the Court, and is positively against the two."

This assignment is wholly insufficient to raise any question for the consideration of this Court. No rule of practice is better settled than that if there is any evidence to support a verdict in a civil case it will not be disturbed on the facts in this Court, and, consequently, that an assignment of error on such a verdict, to be good, must aver that there is no evidence to sustain it, and not merely that "the verdict is against the evidence," "or against the weight or preponderance of the evidence." *Kirkpatrick* v. *Jenkins*, 96 Tenn., 85; *Cherokee Packet Co.* v. *Hilson*, 95 Tenn., 2; *Poole* v. *Jackson*, 93 Tenn., 62; *Railroad* v. *Kenley*, 92 Tenn., 208.

The averment in the present assignment, that

"the verdict is against the charge of the Court," means practically the same as the other averment, that it "is against the evidence" (*Railroad* v. *Stonecipher,* 95 Tenn., 316)—that is, that the verdict is not that which should have been rendered under a. proper application of the charge to the whole evidence. To have properly presented the supposed second objection intended to be raised by the statement that "the verdict is against the charge of the Court," it was necessary to aver that there is no evidence which, under the law as charged, supports the virdict.

But the two intended objections can, in reality, be but one in any case, and if either be well presented, it will, necessarily, include the other, whether separately stated or not. If the assignment were that there is no evidence to support the verdict, that would cover the first intended objection, and would also mean that the verdict is without any support in the evidence when the charge (the law) is applied to the facts, for it is impossible for this Court to determine either that there is some, or that there is no evidence to support the verdict without considering the law applicable to the evidence in its relation to the cause of action.

The second assignment is that the trial Judge erroneously refused to instruct the jury, upon defendant's request, as follows: "If the cattle before and when loaded were in bad shipping condition

from feeding them on cottonseed meal and hulls, or other cause, and being thus affected, they would not or could not stand up, and this was the cause of their injury and death, then Clarkson cannot recover."

The action of the Court in refusing this instruction finds conclusive justification in the fact that the charge as given, fully and accurately instructed the jury on the question presented in the request, the instruction given being that, "if the stock, before they were loaded, were in bad condition by being fed on cottonseed meal and hulls, or from any other cause, and if this affected them so they could not stand up, and this was the cause of their injury and death, then the plaintiff could not recover." The rejected request is almost a literal reproduction of the instruction delivered to the jury, the principal difference being that the request uses the words, "bad shipping condition," instead of the words, "bad condition," used in the instruction. If that difference be a material one, the advantage is with the instruction. It was enough and best, in that particular phase of the case, to submit to the jury the simple and pertinent inquiry as to whether or not the stock were in "bad condition" when loaded, and it was not at all essential, if permissible, to require what is assumed to be a more critical and technical inquiry as to whether or not they were in "bad shipping condition." Our law recognizes no

such thing as a shipping condition of live stock as contradistinguished from their ordinary or general condition.

Several other assignments are based upon the alleged erroneous action of the trial Judge in refusing several other requests of the defendant for other instructions to the jury, but most of these requests, like that just considered, are substantially, and some almost literally, embraced in the charge given. None of them that are accurate and applicable to the evidence adduced are without an equivalent among the propositions submitted in the elaborate charge of the trial Judge; hence, there was no error in his refusal to give them. The Court is never required to substitute the language of counsel for his own, or to incumber a full and accurate charge, like the one before us, with additional instructions requested, however sound they may be.

But there is another conclusive answer to all of the assignments based upon the refusal of the Court to instruct the jury as requested, and that is, that none of the instructions requested appear to have been presented after the charge was delivered. *Roller* v. *Bachman,* 5 Lea, 158; *Railway* v. *Foster,* 88 Tenn., 673; *Railway* v. *Hendricks,* 88 Tenn., 711; *McCadden* v. *Lowenstein,* 92 Tenn., 614.

"To put the trial Judge in error for refusing to give special instructions to the jury, it must

appear that they were requested after and not before he submitted his general charge, the object of such instructions being not to suggest in the first instance what the charge shall be, but rather to supply some omission or correct some mistake made in the general charge—to present some material question not treated at all, or to limit or extend, eliminate, or more accurately define, some proposition already submitted to the jury." *Railway* v. *Foster,* 88 Tenn., 673, 674.

It is, of course, proper for counsel to present their views of the law to the Court, orally or in writing, before his charge is delivered, "yet, such presentation is not to be treated as a request for additional instructions, and made the ground for reversal if not adopted by the trial Judge. The office of special or additional instructions is that already indicated." *Ib.,* 674.

Let the judgment be affirmed.