RAILROAD v. ABERNATHEY.

*(Jackson.   April 19, 1901.)*

1. SUPREME COURT.   *Weight given jury's verdict.*

    In passing upon an assignment that there is no evidence to sup-
    port the verdict of the jury, this Court takes as true the
    strongest legitimate view of the testimony in favor of the suc-
    cessful party, and discards all countervailing testimony, be-
    cause the jury, whose exclusive province it was to pass upon
    the credibility of witnesses, has by its verdict resolved all
    conflicts in his favor. *(Post, pp. 723, 724.)*

    Cases cited: Citizens' Rapid Transit Co. *v.* Seigrist, 96 Tenn., 119;.
    Railroad *v.* House, 96 Tenn., 552; Machine Co. *v.* Compress Co.,
    105 Tenn., 187; Nighbert *v.* Hornsby, 100 Tenn., 82; Railroad·
    *v.* Ginley, 100 Tenn., 472.

2. SAME.   *Verdict not objectionable as to amount, when.*

    A verdict will not be set aside on complaint of the party against·
    whom it was rendered, that it should, under the proof, have·
    been for a larger amount.   Such objection does not " affect
    the merits of the judgment." *(Post, pp. 727, 728.)*

    Code construed :  § 6351 (S.); § 5268 (M. V.); § 4516 (T. S.)

    Cases cited: Maddin *v.* Head, 1 Lea, 664 ; Pearce *v.* Suggs, 85·
    Tenn., 724.

3. SAME.   *Insufficient assignment of error.*

    An assignment of error that the verdict of a jury " is contrary
    to the great preponderance of the evidence," presents no ques-
    tion that can be considered by this Court. *(Post, p. 728.)*

    Cases cited: Felton *v.* Clarkson, 103 Tenn., 457; Kirkpatrick *v.*
    Jenkins, 96 Tenn., 85; Cherokee *v.* Hilson, 95 Tenn., 2 ; Poole·
    *v.* Jackson, 93 Tenn., 62; Railroad *v.* Kenley, 92 Tenn., 208.

4. RAILROADS.   *Observance of statutory precautions not excused,
    when.*

    Unless observance of statutory precautions for prevention of
    accidents is impossible under the circumstances, a railroad

company cannot be excused from such observance. (*Post, pp. 724, 725.*)

Code construed: §§ 1574, 1575 (S.); §§ 1298, 1299 (M. & V.); §§ 1166,. 1167 (T. & S.).

Case cited: Railroad *v.* Thompson, 101 Tenn., 200.

5. SAME. *Same.*

Railroads are required to observe the statutory precautions for the prevention of accidents in running trains through its station grounds to which the fencing Act does not apply. (*Post, p. 728.*)

Case cited: Railroad *v.* House, 96 Tenn., 552.

## FROM LAUDERDALE.

Appeal in error from Circuit Court of Lauderdale County. THO. J. FLIPPIN, J.

KIRKPATRICK & TANNER for Railroad.

THOS. STEELE and BLAIR PIERSON for Abernathey.

CALDWELL, J. The Illinois Central Railroad Co. prosecutes this appeal in error from a judgment in favor of J. M. Abernathey for $40, as damages for the alleged wrongful killing of a cow and yearling.

In considering the first assignment of error, which is that there is no evidence to support the verdict, this Court takes as true the strongest

legitimate view of the testimony in favor of Aber-
nathey, and discards all countervailing testimony,
because the jury, whose exclusive province it was
to pass upon the credibility of witnesses, has by
its verdict resolved all conflicts in his favor. *Citi-
zens' Rapid Transit Co.* v. *Seigrist,* 96 Tenn.,
119; *Railroad* v. *House,* 96 Tenn., 552; *Machine
Co.* v. *Compress Co.,* 105 Tenn., 187; *Nighbert*
v. *Hornsby,* 100 Tenn., 82; *Railroad* v. *Ginley,*
100 Tenn., 472.

In the first place Abernathey, by his own testi-
mony and that of other witnesses, shows that
he was the owner of the live stock in question,
and that through passenger trains of the company
going in the same direction, ran upon and killed
the cow and the yearling, respectively, on differ-
ent days, but near the same point within the
limits of the station, at the village of Curve.

The company virtually concedes these facts, and
defends the plaintiff's action alone on the alleged
ground that the animals appeared upon the track
so suddenly and so near the rapidly moving en-
gines as to render the collisions with them un-
avoidable.

The engineer and fireman in charge of the lo-
comotive that ran upon the cow, testify, in sub-
stance, that she was stricken at the moment of
her appearance upon the track, and, hence, that
no statutory precaution was or could have been
observed. Upon this theory there could be no lia-

bility for killing the cow. *Railroad* v. *Thompson*, 101 Tenn., 200.

But Abernathey testifies that he at once discovered continuous foot-prints, which he, for good reasons stated, believes to be those of his cow, on the track for a distance of seventy feet immediately preceding the place at which the collision occurred, and that she could easily have been seen from the pursuing locomotive at least 300 yards back of the point at which she stepped upon the track.

This testimony, rather than that of the engineer and fireman, being accredited by the verdict as it is, must be taken as true, and being true it makes a case in which the statutory precautions might and should have been observed. Their observance was possible under Abernathey's theory of the facts, and being possible it was required by the positive mandate of the statute (Shannon's Code, § 1574, Subsec. 4), and nonobservance rendered the company liable for the value of the cow. Ib., § 1575.

The testimony introduced on the other branch of the case likewise shows that the yearling, if then on the railroad track, could have been seen from the locomotive for more than 300 yards back of the point at which they collided, but there is no proof of the presence of this animal's foot-prints along the track.

The engineer and fireman say the yearling ran

on to the track very near the front of the engine, and that they had only time to cut off the steam and apply the air-brakes, which they did promptly.

No one states anything to the contrary on his own knowledge, but the plaintiff and some of his witnesses say that they heard the engineer testify on a former trial, and they understood him then to say that the appearance of the yearling upon the track was such as to render it impossible to do anything towards checking or stopping the train, and that in fact nothing was done.

These two views of the matter, that presented by the defendant on the last trial and that said to have been presented by it on the former trial, are in plain conflict; yet neither of them, considered as a whole and alone, affords any support for the conclusion of liability on the part of the defendant for the value of the yearling. That conclusion can be supported only by rejecting a part of each view, and then combining balances of both, so as to get from one the assertion that there was time to shut off steam and apply air-brakes, and from the other the assertion that nothing was in fact done.

Though somewhat novel on account of the peculiarity of the conflict, this process of elimination and combination was within the legal province of the jury, and the conclusion of liability reached thereby is a legitimate one from that

standpoint, not subject to review and avoidance in this Court.

It is said against the amount of the verdict that it is less than the aggregate value of the two animals and more than the separate value of either of them; and, therefore, that there is no evidence to support the verdict in its amount.

The verdict is in general terms for $40 as the plaintiff's damages *in solido,* when in fact he testified that the cow was worth $35 and the yearling $15, in all $50, and no witness places a lower valuation on either animal. It is clear, then, that the verdict is less by $10 than it should have been if the intention was to include the value of both animals; nevertheless, as that error or mistake was against the plaintiff only, it affords the defendant no legal ground of complaint.

If, on the other hand, the jury intended to return a verdict for the cow only, the amount, if $5 more than the owner's valuation, and from that point of view, nothing else appearing, there would be an error against the defendant. In reality, however, two other witnesses say the cow was worth $35 or $40, and on that testimony the jury was authorized, in its discretion, to adopt the higher figures as representing her true value. This suggestion answers the objection that the verdict, if intended to fix liability for the cow alone, is excessive.

Railroad *v.* Abernathey.

The record, though not purporting to give the language of the verdict, indicates that it was the purpose of the jury to include in the sum returned the valuations by it placed on both animals: but, however that may have been, there is nothing in either view, as has been seen, to "affect the merits of the judgment" as against the defendant, and consequently nothing to justify a reversal. Shannon's Code, § 6351; *Maddin* v. *Head,* 1 Lea, 664; *Pearce* v. *Suggs,* 85 Tenn., 724.

The fencing statute does not apply against the company in this action, because the collisions in question occurred within the limits of the station grounds; but the statutory precautions do apply, notwithstanding the place of the collisions, because the animals were killed by through and not by switching trains. *Railroad* v. *House,* 96 Tenn., 552.

The second assignment of error, which is that the verdict "is contrary to the great preponderance of the evidence," presents no question that can be considered by this Court. *Felton* v. *Clarkson,* 103 Tenn., 457; *Kirkpatrick* v. *Jenkins,* 96 Tenn., 85; *Cherokee* v. *Hilson,* 95 Tenn., 2; *Poole* v. *Jackson,* 93 Tenn., 62; *Railroad* v. *Kenley,* 92 Tenn., 208.

Let the judgment be affirmed.