RECORD *v.* COOPERAGE CO.

*(Jackson.    May  20,  1902.)*

1. ASSIGNMENT OF ERROR.  *Insufficient.*

   Assignment of error that the verdict is "contrary to the law and
   the evidence" is not equivalent to an assignment that there is
   no evidence to support the verdict, and hence bad in this
   Court.  *(Post, p. 660.)*

2. WITNESS.  *Contradiction of party's own witness.*

   A party who is taken by surprise by the adverse statements of
   his own witness is permitted, for the purpose of refreshing his
   memory and awakening his conscience, to ask him if he did
   not, on a particular occasion, make a contradictory statement.
   If the witness admits making such contradictory statement,
   that ends the inquiry; but if he denies making such state-
   ment, other witnesses can be called to contradict him only
   where such statement would be admissible as independent
   evidence.  *(Post, pp. 660, 661.)*

   Cases cited: Baxter *v.* Pope, Meigs, 468; Story *v.* Saunders, 8
   Hum., 663.

3. SAME.  *Examination of.*

   After a witness has been fully examined, it is not error for the
   Court to refuse to permit him to be required to repeat his tes-
   timony.  *(Post, pp. 661, 662.)*

4. SAME.  *Excluding witness not put under rule.*

   It is not error, where the rule has been required, for the Court
   to exclude a witness who was not put under the rule and had
   been present and heard all the evidence.  *(Post, p. 662.)*

5. MASTER AND SERVANT.  *Servant's reliance on master's promise to repair.*

   In an action by a servant against the master for an injury sus-
   tained from the use of a defective machine, which the servant
   had been induced to continue to use by the master's promise

to repair, it is not error against the plaintiff for the Court to charge that, "if the machine was out of repair, and the plaintiff notified the superintendent of his department of its condition, and was assured that it was all right, and, on his assurance, he continued to work with it, without knowing it was dangerous, and was injured as a consequence thereof, he can have recovery," and in addition charged that plaintiff was not bound to inspect the machine, but was bound to observe such defects as were open to the observation of an ordinarily careful and prudent operative. And such charge is sufficient on this subject to obviate error for refusal to give additional request on this point. (*Post, pp. 662, 663.*)

6. SAME. *Duties respecting defective machinery.*

It is the master's duty to exercise reasonable care and caution to procure and furnish his servant suitable and safe machinery, and to keep same in a proper state of repair, though he is not required to insure the absolute safety of the servant. The servant is not required to inspect the machine for defects. (*Post, pp. 663, 664.*)

7. SAME. *Same.*

It is a correct statement of the law that the servant assumes all the risks of his occupation if the machinery was in proper repair and the master exercised reasonable care and diligence to keep it in that condition. (*Post, p. 665.*)

Cases cited: Railroad *v.* Elliott, 1 Cold., 613; Railroad *v.* Jones, 9 Heis., 39; Railroad *v.* Handman, 13 Lea, 423; Corbett *v.* Smith, 101 Tenn., 368.

8. EVIDENCE. *Photographs admissible.*

Photographs or pictures of machinery, defects in which are alleged to have caused the injury sued for, are admissible in evidence to illustrate the statements of witnesses. (*Post, p. 665.*)

Cases cited: Machine Co. *v.* Compress Co., 105 Tenn., 201; Bruce *v.* Beall, 99 Tenn., 309.

9. SAME. *Charge correct as drawing inferences.*

It is not error for the Court to refuse to instruct the jury, on plaintiff's request, that they cannot find him guilty of contributory negligence upon mere surmise or speculation as to how the accident occurred resulting in his injury, where the jury had been told in the charge that they should determine the

case upon the evidence, and that "there is always a limit to inferring a fact. It is this: The inference must be a reasonable deduction rightfully drawn from the facts and circumstances proven. If it cannot be thus deducted, then no inference can be drawn." (*Post, p. 664.*)

---

FROM SHELBY.

---

Appeal in error from Circuit Court of Shelby County. L. H. ESTES, J.

F. J. BYRNE and H. N. MOON for Record.

J. M. STEEN and CARROLL, McKELLAR & BULLINGTON for Cooperage Co.

WILKES, J. This is an action for damages for personal injuries by an employe of the defendant company against the company. There was a trial in the Court below before a jury and a verdict for the defendant, and plaintiff has appealed and assigned errors. Plaintiff was, when injured, operating what is called a heading machine. This machine is kept from reversing by an attachment known as dogs, being a piece of iron so shaped as to work in the cogs. It is claimed that the injury was caused by the worn and defective condition of these dogs; that they had been in use a long time and became badly worn and defective. It is also claimed that attention of the company was called to the defects and a promise was made to rectify them, which was not

done, and that plaintiff continued to work, relying on these promises, until he was injured because of the defects. There was a demurrer to the declaration, which was overruled, and subsequently the case went to trial upon the plea of not guilty and contributory negligence. It was argued at the trial that there was no evidence to support the verdict, but no proper assignment of error to this effect is in the record. The assignment which was, no doubt, intended to present this feature of the case is that the verdict was contrary to the law and the evidence.

It has been repeatedly and continually held that this is not sufficient, and the assignment must be, in substance, that there is no evidence to support the verdict. But, if the assignment was proper in form and substance, it is not supported by the record, as the weight of the evidence is that the machine and dogs were in good condition and not defective, and there is evidence tending to show that the injury was caused by the negligence and careless handling of the machine by the plaintiff himself.

It is said that the Court erred in not allowing the plaintiff to contradict one of his own witnesses, by showing previous inconsistent statements made by him. It is said, in support of this assignment, that plaintiff was taken by surprise by the statement of this witness, whom he himself introduced, and should be allowed, therefore, to contradict him.

The rule in such cases is thus laid down: "If the witness unexpectedly give material evidence against

the party who called him, such party may, for the purpose of refreshing his memory, and awakening his conscience, ask him if he did not, on a particular occasion, make a contrary statement. Thus far the authorities are agreed, but the question is, should the inquiry stop there? If the witness admits that he has made a contrary statement, there is, of course, no necessity for other evidence of it; and, according to the weight of judicial authority, if he denies making the imputed statement, the party cannot be allowed to prove it by other witnesses, where it would not be admissible as independent evidence, and can, therefore, have no effect but to impair the credit of the witness with the jury,'' citing a large number of authorities. 29 Am. & Eng. Ency. Law, 813.

Our cases are in accord with this view. *Baxter* v. *Pope*, Meigs, 468; *Story* v. *Saunders*, 8 Hum., 663.

It is insisted that the Court erred in declining to allow witness, Gaukler, to prove the life of a dog in use as were the dogs in this case. We think this assignment is not sustained by the record, but the witness was permitted to answer and prove that the dogs had been in use fifteen years; had been taken off and fixed and put back from time to time and kept in proper condition, and were in such condition when the injury occurred. He also stated that it would take twenty-five or twenty-six years to wear out the dogs on this machine, inasmuch as

a hinge had been put on the machine which removed the friction, and there was but little for it to do, and, if a man operated the machine properly, there was no friction on it. This evidence was admitted, but the Court, after the whole ground had been gone over, refused to permit it to be repeated.

It is next said that the Court erred in refusing to allow proof of repairs made on the machine the day after the injury. It appears that the witnesses were put under the rule, but the witness, Henry Best, was not put under, and he was the person by whom it was proposed to make the proof. He had been listening throughout the trial to all the evidence.

It is contended that the Court erred in not giving a special instruction asked for, to the effect that, if plaintiff was lulled into security by promises of repairs, and they were not made, and the dogs were defective, he would be entitled to recover. The Court, as we think, charged correctly upon this feature of the case, though not in the language of the request, as follows: "On the other hand, if the machine was out of repair, and plaintiff notified the superintendent of his department of its condition, and was assured that it was all right, and, on his assurance, he continued to work with it, without knowing it was dangerous, and was injured as a consequence thereof, he can have recovery." And again: "The law did not require Record to inspect the machine, but did require him to see what any ordinarily

careful and prudent operative would have seen of its condition."

Objection is made to the charge of the Court upon the feature of contributory negligence, and the refusal of the Court to give special instructions asked for on this feature of the case, but we. think the charge of the Court was sufficiently explicit on the subject. This plaintiff asked for an extended and detailed instruction taken from the Encyclopædia of Law, but it embraced so much that it would probably have confused, instead of aided, the jury.

This disposes of the fifth and sixth assignments.

The seventh assignment of error pertains to the duty of the plaintiff to see whatever defects there were in the machine which an ordinarily careful, prudent operative would have seen of its condition. We think the charge of the Court was correct. He did not impose on the plaintiff the duty of a close and minute inspection, and did impose on the defendant the duty of seeing that the machine was in safe condition, as follows: "Under these claims and counter-claims, as made by plaintiff and defendant, the Court charges you, that the law made it the duty of the defendant, the Chickasaw Cooperage Co., to exercise reasonable care and precaution to procure and furnish the plaintiff, Record, a suitable and safe machine for him to work upon, and it also required the defendant to exercise reasonable care and caution to keep the machine in a proper state of repairs. It did not require the defendant

to insure the absolute safety of the plaintiff, Record, in working with the machine which the defendant furnished him, but it did impose upon the defendant the obligation to use reasonable and ordinary care, skill, and diligence in keeping the machine in a safe and suitable condition for him to do his work with. . . . The law did not require Record to inspect the machine.''

The eighth assignment complains of the refusal of the Court to charge that the jury could not find the plaintiff guilty of contributory negligence in jerking the lever and causing the accident, by mere surmises or speculations, in the absence of evidence tending to show that the injury occurred in that way. Upon this feature of the case the Court charged: ''Every question of fact material to claim, as made by the plaintiff, or the claims as made by the defendant, must be determined by the jury solely and alone from the evidence introduced in the case. Every fact is proven by the evidence of witnesses who testify directly to the same, or it is proven by the evidence of witnesses who testify to facts and circumstances from which the facts are inferred. There is always a limit to inferring a fact. It is this: The inference must be a reasonable deduction, rightfully drawn from the facts and circumstances as proven. If it cannot be thus deduced, then no inference can be drawn.'' We think this fully covers the matter of instruction asked for and is sufficient.

It is said that the Court erred in charging that the plaintiff assumed all the risks of his occupation and of running the machine, if the latter was in proper repair and the defendant had exercised reasonable care and diligence tɔ keep it in proper state of repair. This, we think, is a correct exposition of the law, and called for by the facts of the case. *Railroad Co.* v. *Elliott*, 1 Cold., 613; *Railroad Co.* v. *Jones*, 9 Heis., 39; *Railroad Co.* v. *Hardman*, 13 Lea, 423; *Corbett* v. *Smith*, 101 Tenn., 368.

It was not error to permit photographs and pictures of the machine to be introduced before the jury to illustrate the statements of witnesses. *Machine Co.* v. *Compress Co.*, 105 Tenn., 201; *Bruce* v. *Beall*, 99 Tenn., 309. Besides, plaintiff himself also first introduced pictures to illustrate his contentions.

This disposes of all the assignments of error, and we are not able to find any reversible error in any of them. Upon the proof, the decided weight of the testimony is that the injury was not caused by the defective machinery, but by the carelessness and negligence and want of attention on the part of the plaintiff.

The judgment of the Court below is affirmed, with costs.