## PROVIDENT LIFE & ACCIDENT INSURANCE CO. v. JAMES GIBSON.

Eastern Section. May 6, 1927.

No petition for Certiorari was filed.

1. **Appeal and error. An assignment of error that the verdict or judgment is contrary to the law is not sufficient.**

   The assignment that the verdict or judgment is contrary to the law and the facts is not equivalent to an assignment that there is no evidence to support the verdict and judgment and hence is bad on appeal. The assignment must aver there is no evidence to support the verdict.

2. **Appeal and error. The appellate court will not review the ruling of a trial judge in a case involving disputed or controverted facts where record does not show it contains all the evidence.**

   The rule of practice is well settled in this state that the ruling of a trial judge on a case involving disputed or controverted facts will not be reviewed by the Court of Appeals or Supreme Court where the record fails to show affirmatively that it contains all the evidence heard by the trial judge on such questions. And this rule of practice obtains in respect of and applies to every part of the record pertinent to the disputed question where the same arises upon motion for trial, plea or otherwise equally with the facts pertaining to the general issue.

3. **New trial. Before a new trial can be granted because of the absence of a witness it must be shown that the witness would testify to material facts that can not otherwise be proved.**

   Before a new trial can be granted because of the absence of a witness, it must be shown that the witness was subpoenaed or an effort made to have him at the trial and that he would testify to material facts that can not be proved by other witnesses.

Appeal from Circuit Court; Washington County; Hon. D. A. Vines, Judge.

Affirmed.

Harry N. Barker and Carter & McKinney, of Johnson City, for plaintiff in error.

George N. Dunn and B. B. Snipes, of Johnson City, for defendant in error.

OWEN, J. This suit was instituted before a Justice of the Peace by James Gibson in a plea of debt due by contract on a certain policy of accident insurance issued to said James Gibson by the defendant. There was an appeal from the justice's judgment to the law court at Johnson City, where the cause was tried before the Circuit Judge and a jury. The jury returned a verdict in favor of the plaintiff for $170. The plaintiff admitted that he had been paid by an agent of the defendant the sum of $190. He

insisted, under the terms of the policy that the defendant owed him $60 per month for six months. Upon a motion for a new trial the Circuit Judge ordered a remittitur of $10, which suggestion was complied with. Thereupon the motion for a new trial was overruled. No appeal was prayed by the defendant, but some months after the rendition of the judgment the defendant filed a petition for writ of error and supersedeas, which was granted by one of the judges of this court assigned to the eastern section, upon defendant executing proper bond for cost, and a supersedeas writ was issued upon the defendant executing bond in the sum of $300.

The defendant has assigned five errors in this court:

First: It is insisted the court should have granted the defendant a new trial because the defendant was taken by surprise in this, that one of its material witnesses who had been summoned failed to appear at the trial of the case, said witness having told the defendant only three hours before the case was called, that he would be present at the trial to swear that the plaintiff returned to his work three months after receiving his injury.

Second: The damages are excessive.

Third: The court erred in excluding altogether the testimony of the witness Blanche Ervin.

Fourth: The evidence preponderates against the verdict.

Fifth: The judgment is contrary to the law and the facts of the case.

The last two assignments, the fourth and fifth, are overruled because this court does not weigh the evidence to ascertain where the preponderance lies, and an assignment that the verdict or judgment is contrary to the law and the facts is not equivalent to an assignment there is no evidence to support the verdict and judgment; and hence it is bad in this court. Record v. Cooperage Co., 108 Tenn., 657, 69 S. W., 534.

An assignment of error that the verdict is against the evidence is wholly insufficient to challenge the sufficiency of the evidence to support the verdict. The assignment of error, to be effective for this purpose, must aver there is no evidence to support the verdict. Felton v. Clarkson, 103 Tenn., 457, 53 S. W., 733.

As to the first assignment, there was no application for a continuance. The defendant procured the affidavit of one W. H. Kite immediately after the trial. Kite was a witness under subpoena but was sick. There was no application to delay the case until the witness could be brought into court. There were a number of affidavits used upon the motion for a new trial, but the record doesn't show that it contains all the evidence that was heard upon the motion for a new trial.

The rule of practice is well settled in this state that the ruling of a trial judge on a case involving disputed or controverted facts will not be reviewed by the Court of Appeals or Supreme Court where the record fails to show affirmatively that it contains all the evidence heard by the trial judge on such questions. And this rule of practice obtains in respect of and applies to every part of the record pertinent to the disputed question where the same arise upon motion for trial, plea or otherwise equally with the facts pertaining to the general issue. Eatherly v. State, 118 Tenn., 371, 101 S. W., 187.

Furthermore, there is nothing to show that the same state of facts couldn't have been proven by other witnesses, that the defendant undertook to prove by W. H. Kite, the superintendent of the lumber company for whom the plaintiff was working when he was injured December 20, 1923. It doesn't appear that Kite was called and put under the rule, he just simply told plaintiff's counsel he would be present at the trial a short time before the case was called, and then was taken ill. We are of opinion that there is no error in the lower court's failure to sustain the motion for a new trial upon the showing made in regard to the absence of the witness W. H. Kite, and the first assignment of error is overruled.

As to the question of the judgment being excessive, we are of opinion that this cannot be sustained. The plaintiff was seriously injured; lost three fingers on one hand, and while he remained on the payroll of the corporation that had him employed, and was about the place of business at times, he was unable to work for a number of months. By the terms of the policy the defendant agreed to pay the plaintiff $60 per month when he was totally disabled. He was injured in December 1923 and did not return to work before June or July 1924. On just what basis the learned Circuit Judge found the verdict was excessive to the amount of $10 we are unable to explain, but he approved a verdict for $160.

The defendant undertook to prove a settlement with this plaintiff; introduced a check but the plaintiff showed that he had not endorsed the check; that his purported endorsement was a forgery. The agent of the defendant who prepared this voucher evidently signed the plaintiff's name to the voucher. The agent has disappeared and has been sought by the defendant, the plaintiff and others, but his whereabouts are unknown. While the defendant paid this voucher, the plaintiff did not receive the proceeds thereof.

We find material evidence to sustain the judgment of the lower court. On the question of the exclusion of the testimony of Miss Blanche Ervin. The court did not exclude her testimony. She testified that she was stenographer for the Sells Lumber Company that employed plaintiff at the time of his injury and that he was

carried on the pay-roll. There was some question raised about the pay-roll being the best evidence, but the plaintiff admitted that he was carried on the pay-roll. The issue was not whether the plaintiff was carried on the pay-roll of the Sells Lumber Company, but whether or not the plaintiff was injured so that he could not work —incapacitated to that extent. The Sells Lumber Company might have thought it owed some duty to the plaintiff and agreed to pay him while he was injured. There was no error in regard to the evidence of Miss Blanche Ervin.

We are of opinion that the merits of this controversy have been reached by the judgment rendered, and it results that all of the assignments of error are overruled and disallowed and the judgment of the lower court is in all things affirmed.

The writs of error and supersedeas are dismissed. The plaintiff will recover of the defendant and surety on the writ of error bond the cost of the cause, including the cost of appeal, and will recover of the defendant and the surety on the supersedeas bond the amount of the judgment rendered in the lower court, with interest thereon from date of its rendition, for which execution will issue.

Heiskell and Senter, JJ., concur.