## NASHVILLE RAILWAY & LIGHT COMPANY v. D. L. MITCHELL.

Middle Section.    March 10, 1928.

Petition for Certiorari denied by Supreme Court, June 30, 1928.

R. F. Jackson, of Nashville, for plaintiff in error.

W. H. Wash'ngton and W. B. Pendleton, of Nashville, for defendant in error.

FAW, P. J.  The Nashville Railway & Light Company, hereinafter called defendant. has appealed from a judgment against it for $2000 in favor of D. L. Mitchell, hereinafter called plaintiff.

This judgment was rendered on the verdict of a jury in an action begun in the circuit court of Davidson county on September 9, 1925, by which plaintiff sued to recover damages on account of personal injuries which, according to his declaration, he had suffered as the result of the negligent operation of one of defendant's street cars on which plaintiff was a passenger.

Both parties introduced evidence on the issues made by defendant's plea of not guilty to plaintiff's declaration, and, at the close of all the evidence, the defendant moved for a directed verdict, but the motion was overruled, and the case was submitted to the jury on a charge of the court to which there is no exception.

Defendant's motion for a new trial, made and overruled after the verdict and judgment below, embodied all of the assignments of error now presented in this court.

There are nine assignments of error. The first four assignments are directed to the evidence submitted to the jury. Through the remaining five assignments the defendant complains of the refusal of the trial court to give to the jury certain special instructions requested by the defendant.

Plaintiff alleges in his declaration that on August 6, 1925, he was a passenger on one of the cars of the defendant, under the control of its servants and agents, and as said car was approaching the station at the corner of Twelfth avenue and Laurel street in Nashville, Tennessee, the plaintiff properly signaled the employees of defendant in charge of said car of his purpose to alight at that station, and the conductor of the car opened the door and thereby invited plaintiff to get in position to alight, and while plaintiff was doing so, in the exercise of ordinary care, the said motorman, by gross negligence, wilfully and wantonly caused the car to give a sudden, unusual and extraordinary jerk, whereby, and as the direct and proximate result thereof, plaintiff was hurled

and thrown to the street with great violence, in the fall striking his back and spine upon the edge of the bottom of the car at the point where the motor nerves concenter, thereby causing paralysis of the lower limbs, which was total for several weeks and partial for life, and whereby plaintiff was otherwise bruised and injured in body and limbs; that said injuries are permanent, and from same plaintiff was permanently disabled and suffered and still continues to suffer great pain of mind and body; and by reason of said injuries, plaintiff's health and physical stamina have been seriously impaired, and he has incurred considerable liabilities in nursing and doctor's bills.

Through its first assignment of error defendant says that the trial court erred in overruling his motion for a directed verdict; and plaintiff's second assignment is that there is no material evidence to support the verdict.

If there was sufficient evidence in support of the averments of the declaration to take the case to the jury over defendant's motion for peremptory instructions, there was evidence upon which the jury could rest a verdict for the plaintiff.

The testimony of the plaintiff, corroborated in material respects by that of his witness Sam Ament, if true, fully supports the cause of action stated in the declaration. Plaintiff introduced additional evidence touching the character and extent of his injuries, which will be considered when we come to dispose of defendant's fourth assignment of error.

Plaintiff and his witness Ament are flatly contradicted by the motorman and conductor of the street car on and by which plaintiff claims that he was injured. If the testimony of the motorman and conductor is true, the testimony of plaintiff and Ament was a pure fabrication. The credibility of witnesses is peculiarly a matter for determination by the jury. The verdict implies that the jury accepted the testimony of plaintiff and Ament as the truth of the case, and the finding of the jury is conclusive in this court. The first and second assignments of error are therefore overruled.

The defendant's third assignment is that "the verdict is against the overwhelming preponderance of the credible and reliable oral evidence and the uncontradicted physical facts clearly shown by the evidence introduced by both sides."

This assignment is necessarily bad, because it is inconsistent with the established rule obtaining in civil cases in this State that, if there is any evidence to support the jury's verdict, it will not be disturbed by the appellate court. It is true that if the testimony of a witness is utterly inconsistent with established and generally accepted natural laws it has no probative value; and a verdict cannot be supported by such testimony alone. A question of that

kind might arise in some cases under an assignment that there is no evidence to support the verdict; but no such question arises on this record.

An assignment that "the verdict is against the overwhelming preponderance of the credible and reliable oral evidence" is an implied admission that the verdict is supported by some "credible and reliable oral evidence." The third assignment of error will be disregarded because it does not raise a question which this court can consider. Railroad v. Abernathey, 106 Tenn., 722, 728, 64 S. W., 3.

The defendant's fourth assignment is that "the verdict is so excessive as to indicate passion, prejudice and caprice on the part of the jury."

The testimony of plaintiff and his witnesses shows that plaintiff's left leg was completely paralyzed for several weeks after the accident described in the declaration, which occurred on August 6, 1925; that plaintiff was not able to work until November 17, 1925, when he secured employment at the Dupont-Rayon Mills at Old Hickory, where he has been almost continuously employed since that time, but at light work of a kind that does not demand a strain on his left leg or any heavy lifting; that plaintiff is lame in his left leg, that is, he drags his left foot to some extent in walking, and that this condition is permanent. It further appears that as a result of his aforesaid injuries plaintiff incurred liability for hospital bills and doctor's bills amounting to a substantial sum.

We do not think there is any occasion to dwell on the evidence relating to plaintiff's injuries, for it seems obvious that if plaintiff and the two physicians and surgeons introduced by him (Doctors Thomason and Sifford) testified truthfully, there is an abundance of evidence to sustain an assessment of $2000 as damages. This conclusion is not directly challenged in defendant's brief. The predicate of the argument of counsel in support of defendant's fourth assignment of error is that plaintiff was not injured at all as he alleged in his declaration and testified on the trial; that his injuries were feigned, or "that his trouble was a case of hysterical anaesthesia, with no real injury to support it." These were the issues submitted to the jury and settled by the verdict. We are therefore bound to assume that plaintiff was injured in the manner claimed by him, and that his injuries were of the kind and character, and, to the degree, shown by the evidence in the record most favorable to plaintiff's contentions. In this view, the fourth assignment of error must be overruled.

After the trial judge had delivered his regular charge to the jury, and before the jury retired, the defendant, through its counsel, tendered to the court six special requests for instructions to the

jury. The court gave to the jury only one of these requested instructions—the second—and refused the remainder of the requests, and defendant's fifth, sixth, seventh, eighth and ninth assignments of error complain of the trial court's action in refusing defendant's first, third, fourth, fifth and sixth requests, respectively.

Defendant's first request, which was refused, was in these words:

"If you find from the preponderance of the evidence that the car was standing still when the plaintiff fell or got off the car, then, and in that event, I charge you that plaintiff cannot recover, and that your verdict should be for defendant."

Defendant's second requested instruction was charged, and it reads as follows:

"If you find from the preponderance of the evidence that when the door at the rear end of the car was opened the car was standing still, and that plaintiff was injured while in the act of alighting from the car while it was standing still, then and in that event I charge you that plaintiff cannot recover, and that your verdict should be for defendant."

Manifestly the second request covered and included everything material in the first request, and, after giving the second requested instruction, the court did not err in refusing the first request.

The third, fourth, fifth and sixth requests read as follows:

"III. If you find from the preponderance of the evidence that as the car approached the switch at the intersection of Twelfth avenue and Laurel street it was running at the rate of two or three miles per hour, and that the crew in charge of the car were in the exercise of the highest degree of care and precaution at the time, and that while being so handled the car stopped at the intersection of Laurel street and Twelfth avenue, and the plaintiff got up out of his seat and walked to the rear platform and attempted to alight from the car and fell and received the injuries of which he complains, then, and in that event, I charge you that plaintiff cannot recover, and that your verdict should be in favor of defendant.

"Refused, A. G. Rutherford, Judge.

"IV. If you find from the preponderance of the evidence that plaintiff received an injury on July 8, 1920, at Wartrace, Tennessee, while a passenger on one of the trains of the Nashville, Chattanooga & St. Louis Railway, and that said injuries were in that part of his back where the injuries complained of in the present case are located, and that said injuries received on July 8, 1920, were similar in character and

symptoms to those that you may find from the evidence that plaintiff received in the case at bar, if any, and if you further find that plaintiff is suffering from any of the injuries received in the accident that occurred at Wartrace, you would not be warranted in allowing any damages for such injuries in the event you should find in favor of the plaintiff.

"Refused, A. G. Rutherford, Judge.

"V. If you find from the preponderance of the evidence that the car in question was a single track car and that it was equipped with a hand brake instead of an air brake, and if you further find that at the time the car was stopped at the intersection of Laurel street and Twelfth avenue, it was running at the rate of two or three miles per hour; and if you further find from the construction of the car and the speed at which it was moving at the time stated, the back end of the car did not or could not jump or kick up and throw plaintiff off the platform and down on the step and injure him, then, and in that event, I charge you that plaintiff cannot recover, and that your verdict should be in favor of defendant.

"Refused, A. G. Rutherford, Judge.

"VI. If you find from the preponderance of the evidence that there is such a condition known to the medical profession as hysterical anaesthesia, and that one suffering from such condition may be rendered insensible to pain in the leg by applying heat or cold to the part affected or by sticking needles or pins in the same; and if you further find that such condition may exist where there is no physical injury; and if you further find from the preponderance of all the evidence that the pain and trouble complained of by plaintiff is due to hysterical anaesthesia and not to any injury received on the occasion in question, then and in that event, I charge you that plaintiff cannot recover.

"Refused, A. G. Rutherford, Judge."

We think the instructions embodied in the third, fourth, fifth and sixth requests, supra, were, so far as needful, covered by the principal charge, in which the learned trial judge instructed the jury as follows:

"Now, gentlemen, it was the duty of the defendant as a common carrier of passengers to observe the very highest degree of care in the operation of its street cars for the safety of its passengers.

"And this duty rested upon the motorman in charge of the street car in which the plaintiff was riding at the time he is said to have been injured.

696

"It was the motorman's duty, upon receiving a signal to stop at the intersection of Twelfth and Laurel street, either to let a passenger off, or to throw the switch, if there was a passenger to get off at that time and place, to exercise the highest degree of care in the matter of bringing his car to a standstill so as not to cause any sudden jerk or unusual or unnecessary suddenness in stopping his car, or causing it to kick up in such a way as to endanger the safety of a passenger while leaving the car at that place; and if you shall find from a preponderance of all the evidence in this case that the defendant's servant or motorman in charge of the car on which the plaintiff was riding as a passenger failed to observe the high degree of care required of him as above set out when bringing his car to a stop at the intersection of Twelfth avenue and Laurel street to let the plaintiff off, and if such failure was the sole proximate cause of the plaintiff's injury, then the defendant would be liable in this case, and your verdict should be in favor of the plaintiff, provided the plaintiff was observing ordinary care for his own safety at the time, but if he was not exercising ordinary care and his failure to do so proximately contributed in any degree to the injury, then the defendant would not be liable, and your verdict should be in favor of the defendant.

"The court further charges you, gentlemen of the jury, that if you should find that the plaintiff received a similar injury on a former occasion from which he was still suffering, or which made him weaker in that part of his body and less able to withstand or resist the effects of a second accident, then and in that event you should allow the plaintiff nothing for any pain and suffering caused by the first injury, but that will not prevent the plaintiff from recovering for any additional injuries that he may be shown to have suffered on account of the accident on August 6, 1925, on account of which this suit was instituted.

"Of course, gentlemen, if you shall find that the plaintiff was not hurt as he says he was in his declaration, but is merely malingering or pretending to have been injured in order to recover damages in this case, you should allow him nothing, and your verdict should be in favor of the defendant."

Under the fifth requested instruction, supra, the plaintiff was not entitled to recover if the car "did not or could not jump or kick up." Although plaintiff testified that the car kicked up, this was not essential to a recovery. As pointed out in plaintiff's reply brief, the averment of the declaration is that plaintiff was thrown down and injured by "a sudden, unusual and extraordinary jerk"

of the car, and the declaration contains no averment that the car kicked up. It would, therefore, have been error to give the fifth request to the jury.

It results that all the assignments of error are overruled, and the judgment of the circuit court is affirmed. Judgment will be entered accordingly in favor of plaintiff and against defendant for $2000, with interest thereon from the date of the judgment below (Feby. 28, 1927) and for the costs accrued in the circuit court. The costs of the appeal will be adjudged against the defendant and the surety on its appeal bond.

Crownover and DeWitt, JJ., concur.